TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00362-CR







Joseph Alex Melendrez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. D-1-DC-09-205564, HONORABLE BOB PERKINS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Joseph Alex Melendrez pleaded guilty to aggravated robbery. See Tex.
Penal Code Ann. § 29.03 (West 2003). A jury assessed his punishment, enhanced by a previous
felony conviction, at twenty-two and one-half years in prison. In a single point of error, appellant
contends that the trial court erred by admitting evidence of appellant's involvement in a homicide
investigation. We overrule this contention and affirm the conviction.

On the afternoon of September 24, 2009, appellant approached Matilde Esquivel-Soto
as she sat in her car outside a store, ordered her out of the car at gunpoint, got in the car, and drove
away. Appellant was arrested a short time later while sitting in Esquivel-Soto's car and rummaging
through her belongings. A loaded pistol identified as appellant's was found in the car. The
complainant's bank card and checkbook were among the items found on appellant's person at the
time of his arrest.


The State introduced evidence of appellant's previous convictions for possession of
heroin (the offense used to enhance), possession of marihuana, fraudulent possession of identifying
information, unauthorized use of a vehicle, unlawfully carrying a weapon, and assault. The State
also introduced evidence regarding two unadjudicated offenses committed by appellant: an assault
of another jail inmate while awaiting trial in this cause and a theft of crack cocaine one month before
the charged robbery. Appellant's point of error relates to the latter offense. 

Sergeant Jeff Crawford testified that he was assigned to the homicide unit of the
Austin Police Department. In August 2009, he interviewed appellant at the homicide office
and eventually took a written statement. The statement was introduced in evidence. In it,
appellant described how he was approached by "the brother of Pete Carbajal" about purchasing
five twenty-dollar rocks of crack cocaine. Claiming to know where a purchaser for the cocaine
lived, appellant got in Pete's brother's car and directed him to a house on Pickle Drive. 
Appellant explained, "At this point my plan was to rip off the cocaine from Pete's brother." The
statement continued:


I told Pete's brother to pull up and stop in front of the house and I told him I picked
up my phone and acted like I was calling someone and I acted like I was telling the
person on the other end that I was fixing to meet them around back. I acted like I
hung up and Pete's brother opened the pill bottle and poured the five rocks of crack
cocaine into my hand. I got out of the car and went around the back of the house. 
Once I was out of his sight, I took off running and ran through a yard over to Charles
Street. . . . [M]y cousin Javier Ramirez was waiting in my mom's truck for me. I
jumped into the driver's seat and we drove off.



The statement went on to say that appellant was subsequently contacted by Crawford and agreed to
speak to him, and that appellant identified a photograph of Pete's brother.

The jury was not told that after appellant fled with the stolen cocaine, Pete's brother,
Catalino Carbajal, fired shots into the house on Pickle Drive, believing that this was where appellant
had gone. A bullet struck and killed an occupant of the house. This was the homicide Crawford was
investigating when he interviewed appellant.

In addition to seeing appellant's statement, the jury also heard a portion of a recorded
telephone call from the jail in which appellant mentioned being involved in a murder investigation. 
Immediately after this recording was played, the trial court instructed the jury: "As to the reference
you just heard the defendant make in that tape concerning a murder investigation, you are instructed
that the State is not alleging that the defendant committed any homicide, and the investigation
showed, in fact, that this defendant could not be charged with any such act."

Appellant urges that the trial court abused its discretion by permitting Crawford to
identify himself as a homicide officer and by allowing the jury to be told that appellant's written
statement was taken at the homicide office as part of a homicide investigation. He also asserts that
the jury should not have been informed that appellant identified Catalino Carbajal's photograph. He
argues that "the State offered the foregoing evidence for the sole purpose of insinuating to the
jury that the appellant was responsible for someone's death when he stole crack cocaine from
Catalino Carbajal." Appellant contends that the admission of this evidence violated article 37.07
because the evidence did not show beyond a reasonable doubt that he was criminally responsible for
the homicide. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2010). He also
contends that any relevance the evidence might have had was outweighed by the danger of unfair
prejudice. See Tex. R. Evid. 403.


We agree that from what they were told, the jurors likely inferred that appellant's theft
of the crack cocaine from Carbajal had some relevance, or at least some suspected relevance, to a
homicide that Crawford was investigating. We do not agree, however, that the jurors would
necessarily have inferred that appellant committed the homicide or was somehow criminally
responsible for it. For one thing, it is probable that the jurors would have assumed that if appellant
had committed a homicide, they would have been told about it--just as they were told about the jail
assault and the cocaine theft. More significantly, any risk that the jurors would have inferred that
appellant was criminally responsible for the homicide was dispelled by the trial court's admonitory
instruction that appellant was not accused of committing a homicide and that "the investigation
showed, in fact, that this defendant could not be charged with any such act."

Appellant does not dispute the admissibility of the cocaine theft. In response to
appellant's objections, the trial court did not permit the State to offer evidence that this theft led to
a fatal shooting. The court was also careful to instruct the jury that although appellant had been
interviewed by a homicide detective, appellant was not accused or guilty of a homicide. No abuse
of discretion is shown.

The point of error is overruled, and the judgment of conviction is affirmed.



 ___________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: June 14, 2011

Do Not Publish